John S. ROBBINS et al *v.* Larry W. MARCHANT et ux

CA 80-461                      616 S.W. 2d 736

Court of Appeals of Arkansas
Opinion delivered April 22, 1981
[Rehearing denied June 3, 1981.]

*Wright, Lindsey & Jennings*, for appellants.

*Henry N. Means, III*, for appellees.

TOM GLAZE, Judge. This action arose out of the sale of a house by Robbins and Associates (Robbins) to the appellees, Deborah and Larry Marchant (Marchants). Robbins had knowledge that the house was in a flood zone but failed to inform the Marchants of this fact. As a consequence no flood insurance was obtained by the Marchants at the time the parties closed the sale of the house on February 1, 1978. On September 13, 1978, the Marchants sustained damage to their house and its contents due to a flood. The Marchants filed suit for damages against Robbins and its president, John S. Robbins. John S. Robbins was also sued as the insurance agent from whom the Marchants purchased casualty insurance on the property in question. Appellant, Commercial National Mortgage Company (Commercial), and American Abstract & Title Company (American) were made parties to the law suit because they were participants in the sale of the property when the loan was closed. At the trial, the jury awarded the Marchants $26,000 in damages and apportioned the appellants' responsibility as follows: Robbins, 50%; John S. Robbins, 40%; and Commercial, 10%. The court dismissed American from the action, finding it should not be responsible for any of the damages incurred by the Marchants. Appellants' sole issue raised on appeal is that the trial court erred in failing to give an instruction limiting the Marchants' damages to the amount recoverable under a flood insurance policy if one had been obtained by the Marchants.

The appellants contend that the case of *Derby* v. *Blankenship*, 217 Ark. 272, 230 S.W. 2d 481 (1950) controls the issue raised here, and we agree. In *Derby*, a sawmill operator brought an action against a general insurance agent, based on the agent's failure to secure a policy of workmen's compensation insurance on the sawmill employees. The court approved the following instruction which we conclude is dispositive of the issue at bar:

. . . where an insurance agent undertakes to procure a policy of insurance for another, affording protection against a designated risk, the law imposes upon him

the duty, in the exercise of reasonable care, to perform the obligation that he has assumed, and *within the amount of the proposed policy*, the agent may be held liable for any loss suffered by the applicant attributable to his failure to provide such insurance. [Emphasis added.]

Appellees argue that the decision in *Derby* is distinguishable from the facts before us because none of the appellants actually offered to procure flood insurance for the Marchants. Rather, the Marchants argue, the appellants' neglect lies merely in the circumstance that they had failed to inform the Marchants that the property they were purchasing was in a flood zone. In fact, an agent for Robbins had stated that the Marchants did not have to worry about flood insurance. Although appellees appear correct in their argument, it is difficult to understand why this factual distinction should permit the appellees greater damages.

The damages sought by the Marchants might conceivably be different if they had brought suit for rescission. However, the Marchants brought suit for damages, alleging the appellants negligently or intentionally failed to inform the Marchants of the flood zone and that flood insurance should have been purchased. If the appellants had met this duty and subsequently procured the insurance policy, the Marchants' loss of damages would have been subject to, and therefore, limited to the terms of the policy. We fail to see any reason (nor do the appellees offer one) why the rule of law announced in *Derby* should not be applied to the facts at bar. If we were to hold otherwise, we would effectively cause the appellants to be absolute insurers and liable for damages which would exceed the limits of the insurance policy they could have obtained if appellants had performed in a nonnegligent manner.

For the foregoing reasons, we reverse and remand this cause with directions that the appellants are entitled to an instruction in accordance with the rule in *Derby* which limits the appellees' damages to the amount recoverable under a standard flood insurance policy.

Reversed and remanded.